UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLBY HUTTON,<br><br>                    Plaintiff(s),<br><br>   and<br><br><br>STATE OF WASHINGTON,<br><br>                    Intervenor-Plaintiff,<br><br>      v.<br><br>PAPA JOHN'S USA, INC., et al.,<br><br>                    Defendant(s). | CASE NO. C25-1922-KKE<br><br>ORDER STRIKING ORAL ARGUMENT AND REQUIRING SUPPLEMENTAL BRIEFING |

Plaintiff Colby Hutton filed this putative class action in Snohomish County Superior Court, complaining that Defendants Papa John's USA, Inc. and Papa John's International, Inc. (collectively "Papa John's") sent him and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Dkt. Nos. 1, 18. Papa John's removed the action to this Court. Dkt. No. 1. Papa John's subsequently filed a motion to dismiss, arguing that Hutton's complaint fails to state a valid CEMA claim, and arguing that CEMA violates the Dormant Commerce Clause and is preempted by federal law. Dkt. No. 22. Defendants requested

ORDER STRIKING ORAL ARGUMENT AND REQUIRING SUPPLEMENTAL BRIEFING - 1

oral argument on the motion, and the Court scheduled a hearing for May 6, 2026.  *See* Dkt. No. 33.

Courts in this district have uniformly rejected similar arguments raised by other defendants in motions to dismiss other CEMA/CPA actions.  *See, e.g.*, *Ma v. Nike*, __ F. Supp. 3d __, 2026 WL 100731, at *2–3 (W.D. Wash. Jan. 14, 2026); *Harrington v. Vineyard Vines, LLC*, 813 F. Supp. 3d 1218, 1220 (W.D. Wash. 2025), reconsideration denied, 2026 WL 125134 (W.D. Wash. Jan. 16, 2026); *Agnew v. Macy's Retail Holdings, LLC*, No. 2:25-CV-02006-JHC, 2026 WL 764140, at *1 (W.D. Wash. March 18, 2026); *Jerde v. BYLT LLC*, No. 2:25-cv-01496-JHC, 2026 WL 415445, at *1 (W.D. Wash. Feb. 13, 2026); *Kempf v. Fullbeauty Brands Ops., LLC*, No. C25-1141 TSZ, 2026 WL 395677, at *4–7 (W.D. Wash. Feb. 12, 2026).

Furthermore, some courts have questioned whether named plaintiffs in similar actions lack Article III standing and/or whether the amount in controversy satisfies the minimum for either diversity jurisdiction or Class Action Fairness Act ("CAFA") jurisdiction.  *See, e.g.*, *Devivo v. Sheex Inc.*, No. 3:25-cv-05807-DGE, 2026 WL 775625 (W.D. Wash. March 19, 2026); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. March 30, 2026); Minute Order, *Harrington*, No. 25-1115 TSZ (W.D. Wash. Feb. 13, 2026), Dkt. No. 48.

The *Harrington* court also recently stayed that CEMA/CPA action pending resolution of the *Montes v. SPARC Group, LLC* appeal in the Ninth Circuit.  Minute Order, *Harrington* (W.D. Wash. Apr. 17, 2026), Dkt. No. 64.  Other courts have found that *Montes* is sufficiently distinguishable so as to not warrant a stay.  *See, e.g.*, *Arcand v. Catalyst Brands LLC*, No. 2:25-cv-01445-DGE, 2026 WL 369417, at *2 (W.D. Wash. Feb. 10, 2026).

Accordingly, because of these recent shifts in the legal landscape of CEMA/CPA actions in this district, the Court finds that oral argument on the pending motion should be continued to a

ORDER STRIKING ORAL ARGUMENT AND REQUIRING SUPPLEMENTAL BRIEFING - 2

later date, after the parties have provided supplemental briefing on other threshold issues. The Court therefore ORDERS:

(1) The parties shall file supplemental briefing addressing (1) whether Hutton has standing to pursue the claims presented in this action and, if not, whether the action should be remanded to Snohomish County Superior Court; and (2) whether CEMA provides for damages to be calculated on a per-email basis or a per-recipient basis, and (depending on the answer to that predicate question) whether the resulting calculations meet the amount-in-controversy threshold for either diversity jurisdiction or CAFA jurisdiction. Defendants shall file a supplemental brief on these issues no later than May 15, 2026. Hutton shall file a responsive supplemental brief no later than May 29, 2026. Intervenor-Plaintiff State of Washington may (but is not required to) file a responsive supplemental brief no later than May 29, 2026. Each supplemental brief shall be no longer than eight pages in length.

(2) The Court STRIKES the oral argument scheduled for May 6, 2026, to be rescheduled after the Court has reviewed the parties' supplemental briefing.

(3) The clerk is directed to RE-NOTE the motion to dismiss (Dkt. No. 22) for May 29, 2026.

Dated this 30th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER STRIKING ORAL ARGUMENT AND REQUIRING SUPPLEMENTAL BRIEFING - 3