UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLBY HUTTON,<br>Plaintiff(s),<br>v.<br>PAPA JOHN'S USA, INC., et al.,<br>Defendant(s). | CASE NO. C25-1922-KKE<br>ORDER REMANDING CASE FOR LACK OF STANDING |

## I. BACKGROUND

Plaintiff Colby Hutton filed this putative class action in Snohomish County Superior Court, complaining that Defendants Papa John's USA, Inc. and Papa John's International, Inc. (collectively "Papa John's") sent him and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Dkt. Nos. 2-1, 18. Papa John's removed the action to this Court. Dkt. No. 1. Papa John's subsequently filed a motion to dismiss, arguing that Hutton's complaint fails to state a valid CEMA claim, and arguing that CEMA violates the Dormant Commerce Clause and is preempted by federal law. Dkt. No. 22. The State of Washington intervened in this action as a Plaintiff. Dkt. No. 28.

The Court ordered the parties to submit supplemental briefing addressing recent case authority on threshold matters of standing and the amount-in-controversy calculation, to help it

determine whether the Court has jurisdiction and/or whether a stay was appropriate pending Ninth Circuit input. Dkt. No. 37. In response, Hutton filed a brief contending that he has Article III standing and that the amount-in-controversy threshold is met, and that if the Court disagrees, it should remand rather than stay this action. Dkt. No. 42. The State of Washington filed a brief declining to address the standing question, but agreeing with the other parties that the amount-in-controversy requirement for CAFA jurisdiction is satisfied. Dkt. No. 43.

Papa John's filed a brief arguing that Hutton has alleged facts sufficient to support an Article III injury in fact, but not sufficient to support a CPA injury, and agrees with Hutton that the complaint adequately pleads facts suggesting that the requisite amount-in-controversy threshold is satisfied. Dkt. No. 38. Papa John's also notes that the Ninth Circuit is currently considering an appeal addressing the Article III standing question in the CEMA/CPA context, and that it believes that a stay pending resolution of that appeal may be appropriate. *See id*. at 7, 12.

Because Article III standing is a threshold issue, the Court will start there to determine the appropriate action. *Calif. Sea Urchin Comm'n v. Bean*, 239 F. Supp. 3d 1200, 1203 (C.D. Cal. 2017) ("Standing is a 'threshold question in every federal case.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))).

## II. ANALYSIS

### A. Legal Standards

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would

likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). For an injury to be "concrete," it "must actually exist"; it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016) (citation modified). For an injury to be particularized, "it must affect the plaintiff in a personal and individual way" such that the plaintiff "personally has suffered some actual or threatened injury." *Id.* (citation modified). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion,* 594 U.S. at 427.

A party may remove a state court action to federal district court only if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025); 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The burden of establishing removal jurisdiction, even in [Class Action Fairness Act of 2005] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). If the district court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). If the plaintiff in a removed case lacks Article III standing, the court must remand the action for lack of subject matter jurisdiction, rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**B. Hutton's Complaint Fails to Allege That He Suffered a Concrete Harm.**

A court in the Eastern District of Washington has found that a plaintiff in a CEMA/CPA action similar to Hutton's lacked Article III standing because her complaint failed to allege a concrete harm to satisfy the injury-in-fact requirement, and that order has been appealed to the Ninth Circuit. *See Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827,

*2–3 (E.D. Wash. Dec. 4, 2025). Briefing in the appeal is ongoing. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

In *Montes*, the court explained that it "fails to see how receiving an email with a misleading or false subject line harmed Plaintiff in a concrete manner that would rise to the level required for standing." 2025 WL 3485827, at *3. The *Montes* court stated that although the Western District of Washington previously found that "CEMA identifies a right to be free from deceptive commercial emails[,]" this holding was based on authority indicating that "people have the right to be free from unsolicited marketing messages to ensure the right to privacy and prevent nuisance." *Id.* (citing *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017)). But because the *Montes* plaintiff (unlike the *Harbers* plaintiff) had consented to receive emails from the defendant, the *Montes* court found no similar "invasion of privacy or any similar injury to constitute a concrete harm." *Id.*

In this case, Hutton does not allege that the Papa John's emails were unsolicited, nor does he allege that he took any action (opening, reading, deleting, etc.) with respect to the emails or was otherwise aware of or harmed by their existence. And unlike the *Harbers* plaintiff, Hutton does not allege that the Papa John's emails deceived him. *See* 415 F. Supp. 3d at 1010. In the absence of such allegations indicating that Hutton suffered a concrete injury, Hutton's complaint has alleged a merely "technical or procedural violation that by itself does not manifest concrete injury[.]" *Atkinson v. Penney OpCo LLC*, No. 23-cv-1806-BJR, 2024 WL 3579910, at *2 (W.D. Wash. July 30, 2024). Because "Article III standing requires a concrete injury even in the context of a statutory violation[,]" the Court finds that merely alleging a CEMA violation is insufficient to allege a concrete injury to Hutton. *Spokeo*, 578 U.S. at 341. Even if Hutton has adequately pleaded a CEMA claim, his suit cannot proceed in federal court without an Article III injury. *See id.* ("[A]

plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").

Recently, a court in this district, as well as courts in other districts considering similar claims, have concluded that plaintiffs in similar actions have failed to allege an injury in fact sufficient to satisfy Article III. *See, e.g.*, *Carter v. Vineyard Vines, LLC*, No. ELH-25-3178, 2026 WL 1429258, at *23 (D. Md. May 21, 2026) (remanding a case brought under Maryland analogues to CEMA and the CPA, finding no concrete injury); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026). Other courts have, however, disagreed. *See, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *2–3 (W.D. Wash. May 19, 2026). In *Liss*, the court reasoned that because the plaintiffs failed to allege that they consented to receive emails from the defendant, the plaintiffs thereby objected to the "annoyance and harassment" caused by misleading unsolicited emails, which is similar to an invasion of privacy that constitutes a concrete harm. *Id.*

Here, the Court declines to infer that because Hutton does not allege that he consented to receive emails from Papa John's, the emails must have been unsolicited. Moreover, because Hutton does not claim to have opened or read the Papa John's emails, the complaint does not plausibly suggest that *he* was annoyed or felt harassed by them, even though the operative complaint characterizes the emails as "harassment" and alleges that Papa John's "bombards" consumers with them. Dkt. No. 2-1 at 6, 13.[1] Because Hutton's complaint does not include allegations identifying any real or appreciable harm that he suffered as a result of Papa John's

[1] To determine whether removal was appropriate, the Court looks to the allegations in the pleadings that existed at the time of removal. *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

sending him emails, the Court finds that he has failed to state a sufficient injury in fact to satisfy Article III.

Because the Court can reach this conclusion based on its review of Hutton's complaint and the remainder of the record before it, the Court need not await further rulings from the Ninth Circuit.

## III. CONCLUSION

As Hutton failed to allege an injury in fact to satisfy Article III, the Court lacks subject matter jurisdiction and must REMAND this action to Snohomish County Superior Court. The pending motion to dismiss (Dkt. No. 22) is DENIED AS MOOT.

Dated this 31st day of July, 2026.

Kymberly K. Evanson
United States District Judge